UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10464-GW (SK) | Date | December 21, 2018 |
|---|---|---|---|
| Title | Fred Lee Davis v. People of the State of California et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In December 2018, Petitioner filed a petition under 28 U.S.C. § 2254, challenging his 2013 state conviction and sentence for attempted voluntary manslaughter. (Pet., ECF 1 at 2). Petitioner claims that he should have been sentenced to concurrent rather than consecutive sentences. (*Id.* at 85-85). The Petition is subject to summary dismissal, however, because it "plainly appears from the petition and [] attached exhibits that the petitioner is not entitled to relief in the district court" for at least three reasons. Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

First, the Court lacks jurisdiction. Petitioner has, at the outset, failed to name the proper respondent to this action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) ("proper respondent is the warden of the facility where the prisoner is being held"). But even if he did, jurisdiction would still be lacking because Petitioner alleges an error of state law. Federal courts may review a state prisoner's claim "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Because Petitioner apparently challenges his sentence under California Penal Code section 1170 and California Rules of Court 4.420 and 4.425, which are all creations of state law (Pet. at 85-86), his claim is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Second, even if the Petition were reviewable, it is procedurally defaulted. "Federal courts will not review a question of federal law decided by a state court if that court explicitly invokes a state procedural bar as the basis for its decision, and that procedural bar constitutes an independent and adequate ground." *Hurtado v. Kirkland*, 281 Fed. App'x 724, 725 (9th Cir. 2008). Here, Petitioner sought post-conviction relief for his claims in the California Superior Court in January 2018.[1] (Pet. at 3). But that petition was denied as untimely because too much time had passed since Petitioner's conviction became final and because he had failed

---

[1] The Court takes judicial notice of the public records of Petitioner's state habeas petitions. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10464-GW (SK) | Date | December 21, 2018 |
| --- | --- | --- | --- |
| Title | Fred Lee Davis v. People of the State of California et al. | | |

to raise claims that could have been raised on direct appeal.[2] (*Id*. at 71-72). Both grounds are independent and adequate state procedural rules that bar federal habeas relief. *See Hurtado*, 281 Fed. App'x at 725; *Johnson v. Lee*, 136 S. Ct. 1802, 1804-05 (2016). The only way to overcome procedural default is by demonstrating "cause" and "prejudice," or by showing a "miscarriage of justice" based on actual innocence. *See Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986); *Cook v. Schriro*, 538 F.3d 1000, 1025-28 (9th Cir. 2008). Petitioner does not claim actual innocence, but rather that ineffective assistance of counsel should excuse his default. (Pet. at 49-52). However, to show that ineffective assistance of counsel constitutes sufficient cause, Petitioner must demonstrate that counsel's conduct rose to more than mere inadvertence or ignorance of the law. *Vansicle v. White*, 166 F.3d 953, 958 (9th Cir. 1999). Then, to allege prejudice, he must also show a "reasonable probability that but for counsel's error, the result of the [proceedings] would have been different." *Id*. Nothing on the face of the Petition suggests that Petitioner can meet those exacting standards.

Third and finally, even if the Court had jurisdiction and the Petition was not procedurally defaulted, it does not appear timely. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct appeal was denied on February 6, 2015, and so his conviction became final 90 days later on May 7, 2015, when the time to file a certiorari petition had passed. *See* 28 U.S.C. § 2101. From that date, Petitioner had one year to file a timely federal petition absent statutory or equitable tolling. *See* 28 U.S.C. § 2244 (d)(1)(A). Statutory tolling applies only during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). Assuming the statute was tolled for the entire nine months that Petitioner pursued state collateral relief, the Petition is still untimely. And there appears no basis in the Petition for equitable tolling, which is Petitioner's burden to prove. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **January 21, 2019** why the Petition should not be summarily dismissed. **If Petitioner does not file a timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Voluntary Notice of Dismissal" on the attached Form CV-009.

---

[2] Petitioner also sought habeas review in the California Court of Appeal, which summarily denied review. (Pet. at 80). The California Supreme Court summarily denied review in October 2018. (*Id*. at 82). Thus, the Supreme Court is presumed to have relied upon the same grounds as the last reasoned decision of the Superior Court. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).