# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED LEE DAVIS,<br><br>                Petitioner,<br><br>      v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA et al.,<br><br>                Respondents. | CASE NO. 2:18-CV-10464-GW (SK)<br><br>**ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY** |

      Petitioner is a California state prisoner suing under 28 U.S.C. § 2254 to challenge the length of his 2013 sentence for attempted voluntary manslaughter. He claims that he should have received concurrent rather than consecutive terms of imprisonment under California Penal Code § 1170 and California Rules of Court 4.420 and 4.425. (Pet. at 85-86). Federal courts, however, may review a state prisoner's claim "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Because Petitioner alleges errors of only state law, the Petition is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

THEREFORE, the Petition is ordered DISMISSED for lack of jurisdiction.¹  Judgment dismissing this action will be entered accordingly.

FURTHERMORE, a Certificate of Appealability is DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right and that jurists of reason would find it debatable whether the Court is correct in its procedural ruling.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

DATED: February 20, 2019

HON. GEORGE H. WU
U.S. DISTRICT JUDGE


PRESENTED BY:

HON. STEVE KIM
U.S. MAGISTRATE JUDGE

---

¹ The Petition may also be dismissed for lack of prosecution.  Because of the jurisdictional defect, among other deficiencies, in the Petition, Petitioner was ordered to show cause by January 2019 why the Petition should not be summarily dismissed.  (ECF 3).  The order warned Petitioner that failure to respond could result in involuntary dismissal.  (*Id.* at 2).  Yet as of this order, Petitioner has filed no response or document suggesting his intent to prosecute this action.  Thus, lack of prosecution is an independent basis to dismiss the Petition.  *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam).